UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Sawgrass East HOA, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Certain Underwriters at Lloyd's, London, Indian Harbor Insurance Company, QBE Specialty Insurance Company, Steadfast Insurance Company, General Security Indemnity Company of Arizona, United Specialty Insurance Company, Lexington Insurance Company, HDI Global Security SE, Old Republic Union Insurance Company, GeoVera Specialty Insurance Company, MS Transverse Specialty Insurance Company f/k/a Transverse Specialty Insurance Company, and Sedgwick Claims Management Services, Inc., <br><br> Defendants. | Civil Action No. 4:24-cv-3502-JD |

## NOTICE OF REMOVAL

NOW INTO COURT, come Defendants, Certain Underwriters at Lloyd's, London Subscribing to Policy No. AMR-52013-07 ("Underwriters") (improperly named in the Complaint as "Certain Underwriters at Lloyd's, London"), Indian Harbor Insurance Company, QBE Specialty Insurance Company, Steadfast Insurance Company, General Security Indemnity Company of Arizona, United Specialty Insurance Company, Lexington Insurance Company, HDI Global Specialty SE (improperly named in the Complaint as "HDI Global Security SE"), Old Republic Union Insurance Company, GeoVera Specialty Insurance Company, MS Transverse Specialty Insurance Company f/k/a Transverse Specialty Insurance Company, and Sedgwick Claims Management Services, Inc., (collectively, "Defendants"), by and through counsel, without waiving any affirmative defenses or objections herein, including, but not limited to, those defenses

PD.45501703.1

available under Federal Rules of Civil Procedure 8 and 12 and without waiving Defendants' right to seek dismissal and compel arbitration of this dispute pursuant to the arbitration clause contained in the subject insurance policy, which requires disputes between the parties to be submitted to arbitration, hereby remove this cause (bearing Case No. 2024-CP-26-03066) from the Court of Common Pleas for the County of Horry, State of South Carolina, to the United States District Court for the District of South Carolina, Florence Division.  Defendants respectfully submit that the grounds for their removal of this action are as follows:

1. **Basis for Removal.**  Removal is supported by federal question under 28 U.S.C. §§ 1441 and 1446.  Defendants assert that there is a valid arbitration clause that falls under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (also known as the "Convention"), and, thus, this Court has original jurisdiction pursuant to 9 U.S.C. §§ 202, 203, and 205.  In removing this cause, Defendants specifically preserve and do not waive any affirmative defenses whatsoever, including but not limited to any Rule 12 affirmative defenses, service of process and personal jurisdiction defenses, venue defenses, and the defense that Plaintiff's complaint fails to state a cause of action upon which relief can be granted.  Defendants also specifically preserve and give notice of their right to seek dismissal or a stay of litigation and to compel arbitration of this dispute, and Defendants will be filing a motion seeking that relief subsequent to the removal of this cause.

The Policy sued upon, bearing Policy Nos. AMR-52013-07, AMP7521193-08, MSP-13620-09, CPP4643252-09, 10T029659-00146-21-06, USI-10142-07, LEX-012076067-07, HAN-10140-07, ORAMPR000746-04, GVS-11487-00, and TSAMPR0000958-00 (hereinafter, the "Policy"), which is attached hereto as **Exhibit A**, provides for arbitration as follows:

**SECTION VII – CONDITIONS**

C.  ARBITRATION CLAUSE:  All matters in difference between the Insured and the Companies (hereinafter referred to as "the parties") in relation to this insurance, including its formation and validity, and whether arising during or after the period of this insurance, shall be referred to an Arbitration Tribunal in the manner hereinafter set out.

Unless the parties agree upon a single Arbitrator within thirty days of one receiving a written request from the other for Arbitration, the Claimant (the party requesting Arbitration) shall appoint his Arbitrator and give written notice thereof to the Respondent.  Within thirty days of receiving such notice, the Respondent shall appoint his Arbitrator and give written notice thereof to the Claimant, failing which the Claimant may nominate an Arbitrator on behalf of the Respondent.

Should the Arbitrators fail to agree, they shall appoint, by mutual agreement only, an Umpire to whom the matter in difference shall be referred.  If the Arbitrators cannot agree to an Umpire, either may request the selection be made by a judge of a New York court.

Unless the parties otherwise agree, the Arbitration Tribunal shall consist of persons employed or engaged in a senior position in Insurance underwriting or claims.

The Arbitration Tribunal shall have power to fix all procedural rules for the holding of the Arbitration including discretionary power to make orders as to any matters which it may consider proper in the circumstances of the case with regard to pleadings, discovery, inspection of documents, examination of witnesses and any other matter whatsoever relating to the conduct of the Arbitration and may receive and act upon such evidence whether oral or written strictly admissible or not as it shall in its discretion think fit.

Each party will pay its chosen Arbitrator, and also bear the other expenses of the Arbitration and Umpire equally.

The seat of the Arbitration shall be in New York and the Arbitration Tribunal shall apply the law of New York as the proper law of this insurance.

The Arbitration Tribunal may not award exemplary, punitive, multiple, consequential, or other damages of a similar nature.

A decision agreed to by any two members of the Arbitration

> Tribunal shall be binding. The award of the Arbitration Tribunal shall be in writing and binding upon the parties who covenant to carry out the same. If either of the parties should fail to carry out any award the other may apply for its enforcement to a court of competent jurisdiction in any territory in which the party in default is domiciled or has assets or carries on business.

The fact that suit has been filed for losses allegedly covered under the Policy warrants removal under the Convention.

Defendants are composed of the following non-exclusive list of citizens of countries other than the United States:

a. HDI Global Specialty SE ("HDI") is registered under the laws of Germany and has its principal place of business in Hannover, Germany;

b. Among other syndicates, Underwriters include Syndicate 510, which is an unincorporated association, the managing agent of which is Tokio Marine Kiln Syndicates Limited and the majority corporate member is Tokio Marine Kiln Group Limited, registered in England and Wales and has its principal place of business in London, England.[1]

2. **The State Court Action.** The state court action which is removed to this Court is styled: *Sawgrass East HOA, Inc. v. Certain Underwriters at Lloyd's, London, Indian Habor [sic] Insurance Company, QBE Specialty Insurance Company, Steadfast Insurance Company, General Security Indemnity Company of Arizona, United Specialty Insurance Company, Lexington Insurance Company, HDI Global Security SE, Old Republic Union Insurance Company, Geovera Specialty Insurance Company, Transverse Specialty Insurance Company, and Sedgwick Claims*

---

[1] This is an incomplete list of the Underwriters participating on the risk. It is not intended to be exhaustive but merely to show the extent to which entities that are citizens of countries other than the United States are parties to the Policy.

4

*Management Services, Inc.,* Case No. 2024-CP-26-03066, on the docket of the Court of Common Pleas for the County of Horry, State of South Carolina (hereinafter, the "State Court Action"). This matter arises out of an alleged breach of an insurance contract on a property insurance claim, as well as purported claims for alleged bad faith. Pursuant to 28 U.S.C. § 1446(a), a copy of all process and pleadings served upon Defendants in the State Court Action are attached hereto as **Exhibit B**.

    3.    **Propriety of Removal.** This Action is properly removed under 28 U.S.C. § 1441 and 9 U.S.C. § 205 to the District of South Carolina, Florence Division, as the district and division embracing the Court of Common Pleas for the County of Horry State of South Carolina in which the State Court Action was pending.

    The Convention is an international treaty that guarantees citizens of signatory countries the right to enforce agreements to arbitrate disputes. The Supreme Court explained that "[t]he goal of the convention, and the principal purpose underlying American adoption and implementation of it, was to encourage the recognition and enforcement of commercial arbitration agreements and international contracts and to unify the standard by which the agreements to arbitrate are observed and arbitral awards are enforced in the signatory countries." *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 520 n. 15 (1974). Over one hundred countries have signed the Convention, including the United States, Germany, and the United Kingdom of Great Britain and Northern Ireland. In 1970, Congress enacted Chapter 2 of the Federal Arbitration Act, 9 U.S.C. §§ 201-208, (the "Convention Act") to establish procedures and to implement and enforce the Convention. *ESAB Group, Inc. v. Zurich Ins. PLC,* 685 F.3d 376, 382 (4th Cir. 2012).

    The Convention Act is part of the Arbitration Act, 9 U.S.C. § 1 *et seq.* Chapter 1 of Title 9 is the Federal Arbitration Act ("FAA"). Chapter 2 of Title 9 is the Convention Act. Section 208

5

of the Convention Act incorporates the FAA into the Convention Act to the extent the FAA is not consistent with the Convention Act or the Convention.  *See* 9 U.S.C. § 208.

This cause is properly removed based on federal question, the FAA, and the referenced provisions of the Convention Act, including but not limited to Section 202, which provides:

> An arbitration agreement or arbitral award arising out of a legal relationship, whether contractual or not, which is considered as commercial, including a transaction, contract, or agreement described in section 2 of this title, falls under the Convention.  An agreement or award arising out of such a relationship which is entirely between citizens of the United States shall be deemed not to fall under the Convention unless that relationship involves property located abroad, envisages performance or enforcement abroad, or has some other reasonable relation with one or more foreign states.  For the purpose of this section a corporation is a citizen of the United States if it is incorporated or has its principal place of business in the United States.

Article II of the Convention further clarifies which arbitration agreements are subject to the Convention.  Article II states, in pertinent part, as follows:

> 1. Each Contracting State shall recognize an agreement in writing under which the parties undertake to submit to arbitration all or any differences which have arisen or which may arise between them in respect of a defined legal relationship, whether contractual or not, concerning a subject matter capable of settlement by arbitration.
>
> 2. The term "agreement in writing" shall include an arbitral clause in a contract or an arbitration agreement, signed by the parties or contained in an exchange of letters or telegrams.

Section 205 of the Convention Act provides that:

> Where the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention, the defendant or defendants may, at any time before the trial thereof, remove such action or proceeding to the district court of the United States for the district and division embracing the place where the action or proceeding is pending. The procedure for removal of causes otherwise provided by law shall apply, except that the ground for removal provided in this section need not appear on

>the face of the complaint but may be shown in the petition for removal….

>9 U.S.C. § 205

The Fourth Circuit has recognized that any dispute under an insurance policy that contains an arbitration clause with an international party is subject to arbitration under the Convention. For example, in *ESAB Grp., Inc. v. Zurich Ins. PLC,* 685 F.3d 376, 382 (4th Cir. 2012), the Fourth Circuit rejected the plaintiff's argument that the arbitration provision was reverse preempted by contrary South Carolina law and held the case was properly removed under the Convention Act. *Id.* at 388; *see also Safety Nat'l Cas. Corp. v. Certain Underwriters*, 587 F.3d 714 (5th Cir. 2009); *Keller N. Am., Inc. v. Certain Underwriters*, No. 4:23cv56, 2023 U.S. Dist. LEXIS 142915 (E.D. Va. Aug. 15, 2023); *Kiawah Island Util., Inc. v. Westport Ins. Corp.*, No. 2:19-cv-1359-DCN, 2019 U.S. Dist. LEXIS 182220 (D.S.C. Oct. 22, 2019). Thus, the Convention preempts any conflicting state laws and removal to federal court is proper. *ESAB Grp., Inc.*, 685 F.3d at 390.

Here, HDI is registered under the laws of Germany and has its principal place of business in Hannover, Germany. As such, the mere presence of HDI in the litigation warrants removal. Furthermore, as to the portion of the risk assumed by Underwriters under Certificate No. AMR-52013-07, all Underwriters must be considered citizens of countries other than the United States, namely Great Britain. As such, there can be no question that the dispute involves parties that are citizens of countries other than the United States. The entirety of the dispute filed by Plaintiff against Defendants "relates to" the Policy, which includes the mandatory enforcement of the arbitration provision, which in turn requires arbitration to be held in New York and under New York law, due to the presence of multiple parties that are citizens of countries other than the United States.

The remaining components required for application of the Convention are likewise

7

satisfied. The Convention applies when, taking the facts as they were at the time of the Notice of Removal was filed, "(1) there is an agreement in writing to arbitrate the dispute, (2) the agreement provides for arbitration in the territory of a Convention signatory, (3) the agreement arises out of a commercial legal relationship, and (4) a party to the agreement is not an American citizen." *Shilmann Rocbit, LLC v. Am. Blasting Consumables, Inc.*, No. 2:16-cv-06745, 2016 U.S. Dist. LEXIS 137412, at *9-10 (S.D. W. Va. Oct. 4, 2016) (*quoting Francisco v. Stolt Achievement MT*, 293 F.3d 270, 273 (5th Cir. 2002)). Additionally, whenever an arbitration agreement could "conceivably affect the outcome of the plaintiff's case, the agreement 'relates to' the plaintiff's suit." *Id*. at *11 (*quoting Beiser v. Weyler*, 284 F.3d 665, 669 (5th Cir. 2002)).

Additionally, the dispute involves a commercial dispute under a written agreement that includes a valid arbitration agreement. In addition to the arbitration clause, the Policy provides that New York law shall apply and that the insurers shall be subject to the jurisdiction of the court as necessary to enforce the arbitration provisions contained in the Policy. Under South Carolina law, arbitration provisions contained in insurance agreements have been upheld, particularly where the FAA is triggered. *See ESAB Group, Inc. v. Zurich Ins., PLC*, 685 F.3d 376 (4th Cir. 2012); *ESAB Group, Inc. v. Arrowood Indem. Co.*, No. 4:09-cv-1701-JMC-TER, 2011 U.S. Dist. LEXIS 161647 (D.S.C. Feb. 23, 2011); *Kiawah Island Util., Inc. v. Westport Ins. Corp.*, No. 2:19-cv-1359-DCN, 2019 U.S. Dist. LEXIS 182220 (D.S.C. Oct. 22, 2019). Thus, there is no basis upon which to argue state law prohibits application of the Convention Act.

As such, the elements necessary for removal under the Convention have been satisfied.

4.     **Timeliness.** Section 205 of the Convention Act expressly states that the case may

be removed on this basis "at any time before [] trial." 9 U.S.C. § 205.[2] Accordingly, this Notice of Removal is timely.

5.  **Consent to Removal by All Defendants.**  This cause has been removed by all Defendants, through undersigned counsel.[3]

6.  **Notice to Others.**  In accordance with 28 U.S.C. § 1446(d), Defendants will promptly give notice to Plaintiff in writing, and shall file a copy of the Notice of Removal with the Clerk of the state court.

7.  **Venue.**  Venue is proper under 28 U.S.C. § 1446(a) because the State Court Action is pending within the United States District Court for South Carolina, Florence Division.

WHEREFORE, Defendants remove this action to the United States District Court for the District of South Carolina, Florence Division.

(Signature on Following Page)

---

[2] A number of courts have held that the 30-day rule of 28 U.S.C. § 1446(b) is not applicable to Section 205 actions. *See McDermott Int'l, Inc. v. Lloyds Underwriters of London*, 944 F.2d 1199 (5th Cir. 1991); *Acme Brick v. Agrupacion Exportadora de Maquinaria*, 855 F. Supp. 163, 166 (N.D. Tex. 1994); *Employers Ins. of Wausau v. Certain Underwriters at Lloyd's, London*, 787 F. Supp. 165, 169 (D. Wis. 1992); *Dale Metals Corp. v. Kiwa Chem. Indus. Co., Ltd.*, 442 F. Supp. 78, 81 n.1 (S.D.N.Y. 1977). Regardless, thirty (30) days have not elapsed from the date of service of the Complaint on any of the Defendants. Furthermore, one year has not passed from commencement of this action on May 2, 2024.

[3] Although all Defendants do consent to removal of the action, consent is not required in this case. *See Arango v. Guzman Travel Advisors Corp.*, 621 F.2d 1371 (5th Cir. 1980) (holding that international party has right to remove regardless of any other party's consent).

| | |
|---|---|
| Dated this 12th day of June, 2024. | PHELPS DUNBAR LLP |

By:  /s/ *Anna P. Cathcart*
Anna Cathcart (Bar No.: 103529)
4141 Parklake Avenue, Suite 530
Raleigh, North Carolina 27612
Telephone:  919-789-5300
Facsimile:  919-789-5301
E-mail:  anna.cathcart@phelps.com

*Attorney for Defendants Certain Underwriters at Lloyd's, London Subscribing to Policy No. AMR-52013-07, Indian Harbor Insurance Company, QBE Specialty Insurance Company, Steadfast Insurance Company, General Security Indemnity Company of Arizona, United Specialty Insurance Company, Lexington Insurance Company, HDI Global Specialty SE, Old Republic Union Insurance Company, GeoVera Specialty Insurance Company,* MS Transverse Specialty Insurance Company f/k/a Transverse Specialty Insurance Company, and Sedgwick Claims Management Services, Inc.,

 -and-

SEIBELS LAW FIRM, P.A.

Christie Companion Varnado
DSC Fed. Bar # 6008
cvarnado@seibelsfirm.com
38 Broad Street, Suite 200
Charleston, SC 29401
843.722.6777
843.722.6781 Fax
*Attorney for Sedgwick Claims Management Services, Inc.,*

10

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the Notice of Removal to Federal Court was served by UPS Overnight Delivery addressed as follows:

Brittany N. Conner
DEVORE, ACTON and STAFFORD, P.A.
438 Queens Road
Charlotte, North Carolina 28207

*Attorney for Plaintiff Sawgrass East HOA, Inc*

                                              Respectfully submitted,

By:   /s/ Anna P. Cathcart
        Anna Cathcart
        Phelps Dunbar LLP
        4141 Parklake Avenue, Suite 530
        Raleigh, North Carolina 27612 Raleigh, North Carolina 27612
        Telephone:   919-789-5300
        Facsimile:    919-789-5301
        E-mail:      anna.cathcart@phelps.com

PD.45501703.1